*Y. E. Bargeron, H. S. White,* contra.

---

## 14621. BROWN v. ATLANTA NORTHERN RAILWAY CO.

1. Where a complaint for damages against a carrier of passengers accustomed to receive passengers on signal at a flag station is based, by the averments of the suit, upon the theory that the plaintiff became a passenger when, in pursuance of a signal by the plaintiff, *the defendant's car stopped,* the plaintiff was not entitled to a charge that the relation of passenger and carrier commenced on the giving of the responsive signal by the carrier *before the car stopped,* indicating its intention to stop and receive the plaintiff as a passenger. Such a charge would have submitted a theory not presented by the action.

2. If a person in a proper condition and having a bona fide intention of becoming a passenger on the car of a carrier of passengers, accustomed to receive passengers on signal at a flag-station, presents himself at the proper time thereat and signals the car to stop, and the signal is answered, and if the car is stopped within a reasonable distance from the station, apparently in pursuance of the exchange of signals, but at an unsuitable and unsafe place for boarding, such person, if he does not, in the exercise of ordinary care, know of the danger of boarding

the car at that point, has the right, in the absence of notice by the defendant to the contrary, both to rely and act upon the fact of the car's stopping as an invitation for him to board the car where it stopped, without any reinvitation, or further expression of the purpose of the defendant's servants in stopping, and, while so acting, is entitled to that degree of care on the part of the carrier which is due to a passenger,—namely, extraordinary care. Where the evidence in an action for damages is sufficient to support the other parts of the hypothesis stated, it is not necessary, in order to establish his right as a passenger, that the plaintiff should show that no such notice was given him, or that the defendant did anything further by way of invitation when it stopped the car under such circumstances. In this case one of the court's charges was erroneous in placing such a burden upon the plaintiff, on account of which, after verdict found for the defendant, the court erred in overruling the plaintiff's motion for a new trial. There is no merit in any of the other assignments of error.

DECIDED DECEMBER 10, 1923.

Action for damages; from Cobb superior court—Judge Blair. May 5, 1923.

Certiorari was granted by the Supreme Court.

*Mozley & Gann, H. B. Moss,* for plaintiff.

*Colquitt & Conyers, John T. Dorsey,* for defendant.

BELL, J.   Fred Brown brought an action for damages against Atlanta Northern Railway Company, an interurban carrier of passengers by trolley, based upon the theory of negligence on the part of the defendant in failing to furnish to the plaintiff as a passenger a safe opportunity to board the car at a flag-station where the car was accustomed to stop on signal for the reception of passengers, in that, although the motorman answered the plaintiff's signal, he ran past the station and stopped the car near by, over a trestle through which the plaintiff fell as he was attempting to board the car in the belief that the car had stopped for the purpose of receiving him as a passenger at this point. The occurrence was at night. The petition alleged that when the car stopped he at once started toward it "with the intent to get on said car and become a passenger on same. Petitioner did not know, and on account of the bright lights of said car and at the back end of said car plaintiff was unable to discover, that said car had passed the grounds prepared for passengers to get on and off of said car; . . that the defendant negligently drove said car about 50 feet north of the . [station]. and stopped their car over [the trestle], thereby inviting petitioner to get on said car at said point;" that the defendant was negligent in "inviting petitioner to board its car at said unsafe place." There were other specifications of negli-

gence, but the above-quoted averments are controlling as to the theory of the action. A verdict was found for the defendant, and the plaintiff has excepted to a judgment denying his motion for a new trial.

1. In one of the grounds of the motion for a new trial error is assigned upon the failure of the trial judge to charge, without request, that if the jury "believed that the plaintiff . . gave the motorman on the defendant's car a signal [at the station] that he wished to get on the car, and that that signal was responded to, by the motorman indicating his acceptance of the signal to let plaintiff . . get on the car and ride, that from that instant the relation of passenger on the part of plaintiff and carrier on the part of defendant existed between plaintiff and defendant, and that defendant was bound to exercise extraordinary care for plaintiff" from that instant. Regardless of whether the plaintiff was right in fact in regard to the time when the relation of passenger and carrier began, the court did not err, in view of the averments of the petition, in failing to charge as indicated. Such a charge would have submitted a theory not presented by the complaint, which alleged no invitation by the carrier in responding by signal to the signal of the plaintiff, but only in the act of stopping the car.

There are decisions which would support the proposition which the plaintiff in error has advanced in this assignment, provided the complaint and the evidence were such as to involve its application. Among these is the Wisconsin case of Karr v. Milwaukee Heat &c. Co., 132 Wis. 662 (113 N. W. 62, 13 L. R. A. (N. S.) 283, 122 Am. St. Rep. 1017). But in *Georgia & Florida Railway Co.* v. *Tapley,* 144 *Ga.* 453 (87 S. E. 453, L. R. A. 1916C, 1020), the Supreme Court of this State observed that in the Karr case the Supreme Court of Wisconsin "goes further than most other courts have gone." It is not intimated whether or not the courts of this State should apply the doctrine of that case. A decision of this question would be wholly voluntary at this time, because, as we have seen, the averments of the petition in the instant case do not invoke such doctrine.

2. Error is assigned upon the following excerpt from the charge of the court: "I call your special attention to these two contentions, because it is a fundamental point in the case, and the court

instructs you with reference to the plaintiff's contention now that if the plaintiff signalled the defendant's car that he desired to become a passenger upon it, and if the defendant's motorman responded to such signal from the plaintiff, indicating that the car would stop for the plaintiff, but if it didn't stop at the station for the purpose of receiving plaintiff as a passenger, but ran by plaintiff and stopped at a point beyond the station, *and if the purpose of the defendant's motorman in stopping the car beyond the station was to receive the plaintiff at that point as a passenger on defendant's car, and such purpose was indicated to the plaintiff in any way by the motorman,* and if in pursuance of such stop and purpose the plaintiff undertook to take passage upon the defendant's car, the court instructs you that the defendant would owe the plaintiff extraordinary diligence to have its approaches to its cars reasonably safe for approaching and entering its cars; and if, in consequence of a failure on the part of the defendant to exercise that care for the safety of the plaintiff, he was injured, he would be entitled to recover from the defendant for such injuries, provided he could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care on his own part." (Italics ours.)   The assignment of error is substantially as follows: that when the defendant had given a responsive signal to the signal of the plaintiff and had thereupon stopped the car, "movant had a right to assume that said motorman had stopped in pursuance of his agreement to stop when he had given his responsive signal that he would stop, and the fact that he ran a little past the very station point did not require another invitation on the part of the motorman;" that the charge was not applicable to the facts developed by the evidence; that it placed "a burden upon the plaintiff that rightfully belongs upon the defendant to warn plaintiff not to follow an attempt to get upon said car beyond the very station point;" that the plaintiff "made no claim of a reinvitation to get on said car; he relied upon the responsive signal of the motorman in the first instance;" that the "stop, being the first one made after said signal was given, was a continuous invitation to come on and get on the car;" that "under the charge the plaintiff's right to a recovery would depend upon the inward mind of the motorman," and that thus an "impossible burden" was placed upon the plaintiff.   The evidence for the plaintiff, which

supported the petition, tended to show, among other things, that the signal which the plaintiff had given was in time for the defendant to have stopped the car immediately at the station, and also that the plaintiff had no notice that the car was not stopped for the purpose of receiving him as a passenger; whereas it was the contention of the defendant, supported also by evidence, that the car was stopped as soon as reasonably possible after the receipt of the plaintiff's signal; that the defendant did not stop on the trestle for the purpose of receiving the plaintiff as a passenger, but with the intention of backing the car to the station where the plaintiff would be received, and that this purpose on its part was made manifest to the plaintiff by certain blasts of the whistle and also by the conductor verbally. The issues were thus clearly drawn, and the evidence would have supported a finding either way. The above-quoted excerpt, under the circumstances, was error. If the car stopped within a reasonable distance from the station, apparently in pursuance of the exchange of signals, the plaintiff, if he did not know of the danger in boarding the car at that point, and could not have known of it in the exercise of ordinary care, and if he was in a proper condition to be transported and bona fide intended to obtain the service,—all of which the jury might have inferred from some of the evidence,—would have had the right, in the absence of notice to the contrary, both to rely and act upon the fact of stopping as an invitation for him to board the car where it stopped, without further invitation, or a further expression of the purpose of the motorman in stopping, and while so acting would have been entitled to that care which is due to a passenger,—namely, extraordinary care. It was not necessary, in order to establish such right, that the plaintiff should show that no such notice was given to him, or that the defendant did anything further by way of invitation when it stopped the car under the circumstances stated. The charge was a misstatement of the plaintiff's contentions and placed upon him a burden not imposed by law. The burden of showing such notice of its non-intention to receive the plaintiff as a passenger at the place in question, under the issues as developed, was one that rested upon the defendant. The erroneous portion of the charge is shown in italics. See *Western & Atlantic Railway Co.* v. *Voils,* 98 *Ga.* 446 (2) (26 S. E. 483, 35 L. R. A. 655); *Georgia & Florida Railway Co.* v. *Tapley,*

144 *Ga.* 453 (4) (87 S. E. 473, L. R. A. 1916C, 1020). While
the charge might not be entirely accurate with this portion de-
leted, if upon another trial the issues be the same a charge may
readily be framed in accordance with the views herein expressed.

If the plaintiff did not give his signal reasonably in time for
the car to stop immediately at the station, his failure to . do so
would appear to have been waived, because the defendant's servants
did not ignore the signal but stopped; but if such failure in fact
existed, it could be considered by the jury in determining whether
the plaintiff believed that he would be received where the car
stopped, or that it would reverse and come back to receive him.

The other grounds of the motion are without merit. On ac-
count of the error above noted the trial judge erred in denying
the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*